UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:23-cv-_____

JOEL KLEMMER,

      Plaintiff,

v.

STONE MOUNTAIN SERVICES, and BRUCE PHILLIPS, an individual,

      Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Joel Klemmer ("Plaintiff") worked in Operations for Defendants' contracting business from approximately June 20, 2020, to November 24, 2022. As part of his work for Defendants, Plaintiff Klemmer provided hands-on labor through the refinishing of residential homes; focusing on flooring, decks, and bathrooms for Defendants' customers. In addition to construction, Plaintiff Klemmer also made and finalized sales on behalf of Defendants. All work combined, Plaintiff Klemmer was to be compensated on an hourly basis, and paid commissions for successful sales.

2. Over the two and a half years that Plaintiff Klemmer worked for Defendants, Plaintiff regularly worked overtime that Defendants failed to compensate him for. In addition, Defendants failed to compensate Plaintiff Klemmer for commissions that Plaintiff was entitled, and refused to pay Plaintiff his final wages.

3. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Stone Mountain Services and Bruce Phillips, an

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' construction business, located at 6729 Quincy Avenue, Firestone, CO 80504, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Stone Mountain Services**

7. Defendant **Stone Mountain Services** (hereinafter "Stone Mountain") is a corporation doing business within Boulder County, and whose principal place of business is located at 6729 Quincy Avenue, Firestone, CO 80504. Defendant Stone Mountain Services' registered agent is listed with the Colorado Department of State as Bruce Phillips at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 2

8. Defendant Stone Mountain operates a handyman/carpentry/remodel business located at 6729 Quincy Avenue, Firestone, CO 80504 which does business as Stone Mountain Services.

9. At all relevant times, Defendant Stone Mountain had annual gross revenues in excess of $500,000 .

10. Upon information and belief Plaintiff believes that Defendants well exceed $500,000 in gross revenues as they had a goal of $1,000,000 in gross revenues for the 2023 year.

11. At all relevant times, Defendant Stone Mountain was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief Defendant Stone Mountain purchases construction supplies, equipment, and other necessary items from throughout the United States and beyond to run its contracting business. Defendant Stone Mountain serves its customers using those same out of state vendors by selling such supplies and equipment to its customers. Furthermore, Defendant Stone Mountain advertises its business to the entire world using the world wide web at https://www.stonemtnservices.com/. Defendant Stone Mountain also accepts payments by credit card and, upon information and belief, utilizes phone and internet lines to accept and transmit payments.

13. At all times material to this action, Defendant Stone Mountain was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Bruce Phillips**

14. Defendant Bruce Phillips, an individual, resides on Alpine St in Longmont, CO80504, , upon information and belief.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 3

15. At all times material to this action, Defendant Phillips actively participated in the business of the corporation.

16. At all times material to this action, Defendant Phillips exercised substantial control over the functions of the company's employees including Plaintiff, Joel Klemmer. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

17. At all times material to this action, Defendant Phillips was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

18. Defendant Phillips has an ownership interest in and/or is a shareholder of Stone Mountain Services.

**Plaintiff Joel Klemmer**

19. Plaintiff Joel Klemmer is a resident of Loveland, Colorado, which is in Larimer County.

20. Plaintiff Klemmer worked for Stone Mountain Services as a carpenter/laborer from approximately June 20, 2020, to February 2022. From February 2022 to November 2022 Plaintiff Klemmer also took on added responsibilities, in addition to those he already had, and provided services in Defendant's Operations department.

21. In his role within Operations, Plaintiff Klemmer's duties and responsibilities ranged from direct labor in construction projects, to creating materials lists, following up on leads, drafting proposals, and finalizing sales with Defendants' customers.

22. At all times material to this action, Plaintiff Klemmer was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

23. In this position, Plaintiff Klemmer regularly handled merchandise and construction supplies that originated outside of Colorado and from throughout the United States. In

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 4

making sales Plaintiff Klemmer utilized Defendants' credit card equipment to process payments to Defendant.

24. Plaintiff's primary supervisor was Bruce Phillips.

25. Klemmer estimates that generally he worked 45 hours per week.

26. While working for Defendants', Plaintiff Klemmer was expected to record his time by handwritten daily log. Upon information and belief, Defendants are in possession of all employees' time records, including those of Plaintiff Klemmer.

27. Plaintiff Klemmer typically started work at 9:00 AM and stopped work at 6:00 PM. Plaintiff Klemmer usually worked 5 days per week, but it was not uncommon that he would also work some Saturdays.

28. Plaintiff Klemmer worked "off the clock," insofar as Defendants required him to perform work before clocking in and/or after clocking out. Specifically, while Plaintiff Klemmer's began work every day at 9:00 AM, he would usually leave work at varying times from 6:00 PM onward. In addition, Defendants required Plaintiff Klemmer to draft proposals and other necessary documents prior to and following his regular shifts; without being compensated his hourly wage.

29. While in this position, Plaintiff Klemmer's pay scheme was hourly.

30. Plaintiff Klemmer's rate of pay was $35.00 per hour, plus a commission of 10% of Plaintiff's gross sales. As to Plaintiff Klemmer's commissions, 5% of any commission was to be paid upfront, with the remaining 5% upon the completion of the particular job.

31. As such, it is estimated that Plaintiff Klemmer regularly worked at least 45 hours a week.

32. For any overtime hours worked in a given workweek, Plaintiff Klemmer received no compensation from Defendants.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 5

33. As Plaintiff Klemmer was not paid for all overtime, he was not paid at a rate of one and one half times his normal hourly rate for all hours worked over 40 hours in a given workweek.

34. Although Plaintiff Klemmer should have received commissions for sales that he closed on behalf of Defendants, Defendants neither paid Plaintiff his 5% upon signing such deals, nor the remaining 5% upon completion of the job.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates those arguments as though fully set forth here.

*Failure To Pay Time Overtime Properly*

36. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

*Willful & Not Based On Good Faith & Entitlement to Damages*

37. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

38. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime. In paying Plaintiff in the manner in which Defendant did, Defendants knowingly violated the mandates of the FLSA.

39. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

40. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to all unpaid

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 6

overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates those arguments as though fully set forth here.

42. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

43. Plaintiff is Defendants' "employee" as that term is defined by the Wage Orders / COMPS because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

*Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

44. Plaintiff worked more than 40 hours at least some workweeks.

45. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

46. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

47. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

48. Defendants violated the CWA as implemented by the Wage Orders/COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek. 7 C.C.R. §1103-1(4).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 7

49. For any and all time worked by Plaintiff, or to be credited to Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

**Failure to Pay Wages When Due**
**(Violation of the C.R.S. § 8-6-103)**

50. The Defendants failed to pay Plaintiff all his earned wages when due.

51. Specifically, Defendants failed to pay Plaintiff for his overtime at the conclusion of every weekly pay period.  Moreover, Defendants failed to pay Plaintiff all earned commissions, both upon a customer sale after the conclusion of the jobs that Plaintiff procured, or even in Plaintiff's last and final paycheck.

**Failure to Pay All Earned Wages**
**(Violation of the C.R.S. § 8-6-109)**

52. Plaintiff has been separated from employment with Defendants.

53. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

54. Specifically, even after Plaintiff in his individual capacity addressed pay discrepancies with Defendants, Defendants continued to refuse to pay Plaintiff all his earned wages.

**Failure to Pay Wages In Response to Wage Demand**
**(Violation of the C.R.S. § 8-6-109)**

55. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated  January 17, 2023.

56. Defendant has not tendered any payment in response to this demand.

57. More than 14 days has elapsed since the issuing of Plaintiff's demand.

58. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 8

§ 8-4-109.

*Damages*

59. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory damages as provided for the CWCA; and

(D) Award Plaintiff interest; and

(E) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 9

Respectfully submitted, this **11th** day of **May**, **2023**.

ANDERSONDODSON, P.C.

*s/ Ryen C. Schimerman*
**Ryen C. Schimerman**
*rschimerman@andersondodson.com*

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
*mmelso@andersondodson.com*

14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 10

# VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.**

Executed on  5/4/2023                             at  5/4/2023 Fort Collins CO
              (date)                                  (city or other location, and state)

Joel Klemmer                                       *Joel Klemmer* (DocuSigned)
Printed Name of Plaintiff                          Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Klemmer v. Stone Mountain Services*
USDC, District of Colorado

Complaint
Page 11